UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

TAMPA DIVISION

CASE NO.: 8:25-cv-03469

JORGE GHIGLIONE,

        Plaintiff,

vs.

EMERALD COAST RV CENTER, LLC
d/b/a Camping World RV Sales,
        Defendant.
_____/

## COMPLAINT

Plaintiff, JORGE GHIGLIONE, files this Complaint against the Defendant, EMERALD COAST RV CENTER, LLC d/b/a Camping World RV Sales, monetary damages and other relief, and as grounds therefor, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises under the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 et seq., and the Florida Uniform Commercial Code.

2. The amount in controversy exceeds $75,000, exclusive of interest and costs, satisfying 15 U.S.C. § 2310(d)(3)(B).

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because the transactions and events giving rise to this action occurred in Hillsborough County, Florida, within the Middle District.

## PARTIES

4. Plaintiff is a natural person and citizen of Florida who purchased a new 2020 Thor Motor Coach, VIN# 4UZACHFCXLXLY1768 ("Subject Vehicle"), for personal, family, or household use.

5. Defendant, EMERALD COAST RV CENTER, LL d/b/a Camping World RV Sales, (collectively "Camping World") is a corporation authorized to conduct business in Florida and operated the Dover, Florida, sales and service location where the transaction occurred.

## FACTUAL ALLEGATIONS

6. On or about January 24, 2020, Plaintiff purchased the Subject Vehicle from Camping World's Dover, Florida dealership.

7. Defendant engaged in an aggressive advertising and marketing campaign in order to induce Plaintiff and other consumers to purchase its vehicles from a dealership that was authorized by Defendant to sell its vehicles and issue its written warranties to consumers.

8. Defendant was in direct privity with Plaintiff based on its role in the sale, issuance of the warranty and attempted repairs of the Subject Vehicle.

9. The purchase price of the Subject Vehicle was $488,333.23, of which $251,694.51 was financed and the rest was paid by Plaintiff.

10. In connection with the sale, Defendant provided a five-year written warranty and sold a five-year extended service agreement. A true and correct copy of the warranty and service agreement documents are attached here to as Exhibit "A".

11. Plaintiff brought the Subject Vehicle to Defendant's Tampa location for various defects and nonconformities, including but not limited to:

      a. Dashboard peeling;

      b. Front light intermittently failing;

      c. Living-room shades broken;

      d. Bunk-bed shades inoperative;

      e. Microwave trim/frame detached;

      f. Some base boards and crown molding on dining area coming off;

      g. Furniture peeling;

      h. Water tank plunged down while driving; and

      i. Back air conditioner and dash air conditioner not working.

12. Plaintiff repeatedly presented the Subject Vehicle for repair and paid significant out-of-pocket expenses pursuant to the extended service agreement from Defendant.

13. Plaintiff provided Defendant sufficient opportunities to repair the Subject Vehicle.

14. Most recently, at the end of 2024, Plaintiff was required to send the Subject Vehicle to Camping World's Georgia location because the Defendant did not have a Florida location to address all of these issues after several attempts for repair.

15. Several of these items required multiple repair attempts, and the Vehicle was unusable by Plaintiff for more than a cumulative period of nine (9) months over the past three years.

16. Defendants have failed to correct these defects within a reasonable number of attempts, substantially impairing the Vehicle's use, value, and safety.

17. The limited repair or replacement remedy contained in the Defendant's warranty failed of its essential purpose pursuant to Fla. Stat. §672.719(2) due to Defendant's failure to repair the Subject Vehicle within a reasonable time.

18. Defendant was unable and/or failed to repair the defects in the Subject Vehicle as provided in Defendant's warranty after being afforded a reasonable opportunity to cure pursuant to 15 U.S.C. §2310(e).

19. At the time of this Complaint, the Subject Vehicle is still in the possession, custody and control of Defendant.

20. Plaintiff has justifiably lost confidence in the Subject Vehicle's safety and reliability, and said defects have substantially impaired the value of the Subject Vehicle.

21. These defects could not have been reasonably discovered by Plaintiff prior to Plaintiff's acceptance of delivery of the Subject Vehicle.

22. During the inordinate number of out-for-service days of the Subject Vehicle, Plaintiff has been unable to use and enjoy the Subject Vehicle.

23. During the inordinate number of out-for-service days of the Subject Vehicle, Plaintiff has continued to pay his monthly installment payments even though he was not able to use or enjoy the Subject Vehicle.

24. Plaintiff has retained the services of undersigned counsel and has agreed to pay counsel a reasonable fee for the prosecution of this case.

## COUNT I
## BREACH OF WRITTEN WARRANTY (15 U.S.C. § 2301 et seq. and Fla. Stat. § 672.313)

25. Plaintiff incorporates paragraphs 1–24.

26. Defendant issued written warranties promising to repair or replace defective materials or workmanship.

27. Defendant failed to repair the Vehicle after a reasonable opportunity, breaching the warranties.

28. Plaintiff has suffered damages as a direct and proximate result of Defendant's actions/inactions.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (15 U.S.C. § 2301 & Fla. Stat. § 672.314)

29. Plaintiff incorporates paragraphs 1–24.

30. The Vehicle was not fit for ordinary use as a recreational vehicle at the time of sale and thereafter.

31. Plaintiff has suffered damages as a direct and proximate result of Defendant's actions/inactions.

## DAMAGES

32. As a direct result of Defendant's breach, Plaintiff suffered damages including repair costs, loss of use, diminution in value, incidental and consequential damages, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant for:

a. Revocation of acceptance and refund of the purchase price, or alternatively, damages for breach of warranty;

b. Incidental and consequential damages;

c. Attorneys' fees and costs under 15 U.S.C. § 2310(d)(2);

d. Any other relief the Court deems just and proper.

                                      Respectfully submitted,

                                      **INTERNATIONAL LAW PARTNERS LLP**
                                      *Attorneys for the Plaintiff*
                                      2122 Hollywood Blvd.
                                      Hollywood, FL 33020
                                      PH: (954) 374-7722
                                      FAX: (954) 212-0170

                        By:  */s/YASIR BILLOO*_____
                                      **Yasir Billoo**
                                      Florida Bar No. 718351
                                      ybilloo@ilp.law
                                      sfalcon@ilp.law
                                      sajwani@ilp.law